# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| SKYLAR GUNN, Individually, and on behalf of others similarly situated. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:13-cv-01035-JDB-egb ) |
| | ) JURY TRIAL DEMANDED |
| NPC INTERNATIONAL, INC. | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant, NPC International, Inc.'s, motion to dismiss and for entry of judgment. (Docket Entry ("D.E.") 26) The Defendant's motion has been referred to the Magistrate Judge for determination and/or report and recommendation. The parties have exhaustively briefed the issues.

As an initial matter, Plaintiff has withdrawn her amended Complaint. Accordingly, that issue is moot.

The remaining issue regards the effect of Plaintiff Gunn's acceptance of Defendant's Offer of Judgment of $5,000: whether the Court should enter final judgment and moot this action in its entirety, as Defendant urges, or whether Plaintiff Gunn's acceptance of Defendant's Offer of Judgment pertained to Plaintiff Gunn only, such that other plaintiffs may proceed in this action, as Plaintiff suggests.

## Background

Plaintiff Skylar Gunn filed her Complaint on January 30, 2013. (D.E. 1). She was the sole plaintiff. The Complaint was served on Defendant on February 8, 2013. (D.E. 6). Defendant served its Offer of Judgment to Plaintiff Skylar Gunn on March 11, 2013. (D.E. 18-1). That offer states:

> "Pursuant to Federal Rule of Civil Procedure 68, Defendant…offers to allow judgment to be taken on these specified terms:
>
> 1. Payment to Skylar Gunn of a total of $5,000, less required withholdings.
>
> 2. Defendant will pay costs now accrued, and a reasonable attorney fee.
>
> 3. This amount to be in total settlement of this action with no admission of liability and said judgment to have no effect whatsoever except in total settlement of this case."

(Docket 18-1). As of the date of Defendant's offer, no consents to join had been filed in this action.

Before Defendants' offer on March 11, Plaintiff and her attorneys had obtained additional consents to join this action. Ashley Lewis signed her consent in this action on February 24, 2013. (D.E. 11) Leah Redmond signed hers on the same date. (D.E. 13) Ashley Yelverton signed hers on February 25, 2013. (D.E. 14) Although Tiffney Penley's consent in this action is not dated (D.E. 12), she signed her consent in the *Harris v. NPC International, Inc.* case on February 9, 2013 and presumably did the same in this case by that date. It was not until the day after Defendant served (by hand-delivery) its Offer of Judgment that Gunn gave notice to Defendant of these consents by filing them with the Court. (D.E. 11-14). Defendant had no knowledge of these consents until they were filed.

Defendant, having knowledge of the opt-ins, did not attempt to modify or rescind its offer after learning of these opt-ins beginning on March 12, 2013.

On March 22, 2013, Plaintiff Gunn accepted Defendant's Offer of Judgment. (D.E. 18-2) That same day, Gunn gave notice of the Consent of Leslie Ragland. (D.E. 16). Ragland signed her Consent on March 18, four days before Gunn's acceptance of the offer. *Id*. On March 25, 2013, Gunn gave notice of the Consent of Kelsey Elvington. (D.E. 17). Elvington signed her Consent on March 16, 2013, six days before Gunn's acceptance of the offer. *Id*.

Lewis, Penley, Redmond, Yelverton, Ragland and Elvington all signed their Consents to Join before Gunn accepted the Offer of Judgment. (D.E. 11-14, 16-2). Each of them agreed to "be bound to any judgment by the Court or any settlement of this action." *Id*., paragraph 1. They designated Gunn as their "agent[] to make decisions on [their] behalf concerning the litigation" including "when and under what terms to settle this action upon" and "all other matters pertaining to this lawsuit." *Id*., paragraph 4. Finally, each of them "specifically authorize[d] [Gunn] to sign any Settlement Agreement pertaining to these matters on my behalf." *Id*.

Defendant argues that Plaintiff Gunn accepted Defendant's offer of judgment on March 22, 2013 and Defendant has filed the offer and the acceptance. Under Rule 68(a), therefore, the "clerk must …enter judgment." This is a purely "ministerial" act. *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991). "[O]nce the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement. *Id*. This is true even if application of the Rule is "severe." *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989).

Moreover, Defendants argue, each of the opt-ins expressly designated Gunn to be their agent to make decisions on their behalf, including "under what terms to settle this action upon." They each contracted to be bound to any judgment entered by the Court and to any settlement of

3

this action. Each agreed to these contractual terms prior to Gunn accepting the offer of judgment. The opt-ins are bound by the unambiguous terms of their Consents to Join.

Defendant states that because offers of judgment are essentially offers to enter into a contract, courts apply general contract principles to interpret them. *Hennessy v. Daniels Law Office*, 270 F.3d 551, 553 (8th Cir. 2001). Under Tennessee law, contractual terms must be afforded "their natural and ordinary meaning." *Realty Shop, Inc. v. R.R. Westminster Holding Inc.*, 7 S.W.3d 581, 597 (Tenn. App. 1999). Courts must "avoid strained constructions that create ambiguities where none exist." *Id*.

In sum, Defendants maintain that Gunn's acceptance of Defendant's offer on behalf of the opt-ins was within the scope of her agency since the opt-ins expressly designated Gunn as their agent with respect to, inter alia, the terms to settle this action upon. Defendant argues that Gunn's acceptance of Defendant's offer—on her behalf and on behalf of the opt-ins—moots this action.

Plaintiff argues in response that neither NPC's offer nor Ms. Gunn's acceptance ever mentions opt-ins or compensates them in any way. Plaintiff argues that, pursuant to *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945), claims for minimum wages, overtime, and liquidated damages under the FLSA cannot be waived nor settled privately for less than what employees are owed. Plaintiff urges the Court to deny the request for final judgment.[1]

Plaintiff argues that the opt-ins are party Plaintiffs and thus have the same status as Plaintiff Gunn. Plaintiff also urges the Court that allowing Defendants to "pick off" a named plaintiff would frustrate Congressional intent in passing Section 216(b), and urges the Court to apply the relation back doctrine to keep the lawsuit alive.

---

[1] Plaintiff argues that in the alternative, the Court should enter an Order establishing Defendant's liability to Plaintiff Gunn and any employees similarly situated. However, the plain language of the offer specifies that there is no admission of liability. The Magistrate Judge agrees with Defendants' assessment of this argument as specious.

Plaintiff argues that she only purported to settle her own claim and never intended to settle anyone else's claims. She argues that the opt-ins could not delegate authority to settle their claims for nothing because they cannot waive statutory wages by agreement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945).

In reply, Defendant asserts that the offer of $5,000 was for "total" settlement, and thus it was up to Plaintiff and the opt-ins as to how to divide it – there was no waiver or attempt to settle claims for nothing.

Defendant stresses that, regardless of whether the opt-ins have party status, the language of the "Consent to Join" filed by each opt-in in this case is clear and unambiguous. Each agrees to "be bound by *any* judgment by the Court or *any* settlement of *this action*." Consent to Join, paragraph 2 (emphasis added). Each designated Gunn (the "representative" plaintiff in this action) as their "agent" to "make decisions on my behalf concerning the litigation, including . . .when *and under what terms to settle this action upon. . . .Id.*, para. 4 (emphasis added). Each also "specifically authorize[d]" Gunn to "sign *any Settlement Agreement pertaining to these matters on my behalf." Id.* (emphasis added).

Analysis

Defendant admits that at the time it made the offer of settlement of $5,000, Defendant was under the impression that Plaintiff Gunn was the only Plaintiff. Therefore, the $5,000 it offered, was offered to fully satisfy Plaintiff Gunn's claim. Neither party has provided any proof that the $5,000 could be divided to fully satisfy the claims of the other opt-ins, and in fact, Plaintiffs dispute that it can. Pursuant to *Brooklyn Sav. Bank v. O'Neil*, Plaintiffs cannot settle for less than they are owed.

Defendant is correct when it argues that "In *O'Brien v. Ed Donnelly Enterp., Inc.*, . . . the Sixth Circuit held that an FLSA plaintiff's claims were barred by an *unaccepted* offer of judgment and entered a Rule 68 judgment based on that. *O'Brien*, 575 F.3d 567, 575 (6th Cir. 2009). If an unaccepted offer of judgment is valid, then certainly an *accepted* offer is too." The Magistrate Judge agrees with Defendant and, therefore, recommends a finding that Plaintiff Gunn's accepted offer of judgment is valid as between Defendant and Plaintiff Gunn.

That said, as has been discussed, under the FLSA a plaintiff cannot waive their claims, and therefore the opt-in plaintiffs' agreement with Plaintiff Gunn, that she could represent them in settlement, when she was already engaged in a settlement negotiation which her and Defendant contemplated would make her whole, should be found void as against public policy because the opt-in plaintiffs cannot waive those claims.

As for whether the opt-ins have party status, so that this case may continue forward, the Magistrate Judge believes that the Supreme Court recently addressed this issue in Genesis Healthcare Corp. v. Symczyk, when the Court stated:

> We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint. A straightforward application of well-settled mootness principles compels our answer. **In the absence of any claimant's opting in**, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action.

*Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1529 (U.S. 2013) (emphasis added). The obvious inference then, is that here, where opt-ins are present, the suit is not mooted by Plaintiff Gunn's individual claim becoming moot. Therefore, the Magistrate Judge recommends a finding that the claims of the opt-in Plaintiffs in this case are justiciable and that the case continue forward.

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:   **January 27, 2014**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**