IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SKYLAR GUNN,

    Plaintiff,

v.  No. 13-1035

NPC INTERNATIONAL, INC.,

    Defendant,

_____

ORDER OVERRULING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
ADOPTING REPORT AND RECOMMENDATION,
FINDING CLAIMS OF PLAINTIFF GUNN MOOT AND SUSTAINING JUSTICIABILITY
AS TO OPT-IN PLAINTIFFS
_____

Before the Court is the April 1, 2013 motion of the Defendant, NPC International, Inc. ("NPC"), to dismiss this matter and for entry of judgment. (D.E. 26.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (D.E. 28.) The magistrate judge's report was issued on January 27, 2014 (D.E. 64), to which the Defendant filed timely objections (D.E. 65). The Plaintiff, Skylar Gunn, neither filed objections to the report nor responded to those filed by the Defendant. The time for such objections and/or response has expired.

In ruling on objections to a report and recommendation, the Court is to make a de novo determination as to those portions of the magistrate judge's report and recommendation to which objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Under this type of review, the district judge may accept, reject, or modify the recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain

a different result on that particular issue." Austin v. Comm'r of Soc. Sec., No. 1:12-CV-728, 2014 WL 897139, at *1 (S.D. Ohio Mar. 6, 2014). "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." Id.

In her original complaint filed January 30, 2013, Gunn, individually and on behalf of all others similarly situated, sued NPC under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid, minimum and overtime wages. She amended her complaint on March 13, 2013, adding certain named plaintiffs. (D.E. 15.) In its April 1, 2013 request to dismiss the amended complaint, NPC advised that, on March 22, 2013, Gunn accepted its offer of judgment, as did the other individuals named in the amended complaint. NPC asserted that, based on the settlement, this action is now moot and final judgment should be entered. On April 15, 2013, Gunn filed a notice withdrawing her amended complaint, thereby rendering moot that portion of Defendant's motion seeking dismissal thereof. (D.E. 40.) Thus, the magistrate judge issued his report and recommendation only as to the remaining issue concerning final judgment.

The Defendant served its offer of judgment in the amount of $5,000 to Gunn on March 11, 2013. The offer provided that this amount was "to be in total settlement of this action with no admission of liability and said judgment to have no effect whatsoever except in settlement of this case." (D.E. 18-1.) Prior to NPC's offer, Plaintiff and her counsel obtained various consents to join this action, of which Defendant had no knowledge at the time the offer was made. On the day after NPC hand-delivered its offer of judgment to Gunn, March 12, 2013, she gave notice to the Defendant of the consents of Ashley Lewis, Tiffney Penley, Leah Redmond and Ashley Yelverton

by filing them with the Court. As noted above, the offer was accepted by Gunn on March 22, 2013.

On March 26, 2013, the day notice of her acceptance of the offer was filed with the Court, Gunn filed notices that additional persons -- Leslie Ragland and Kelsey Elvington -- had consented to join the suit between the date of the offer and March 22, 2013. Those consenting to join agreed to "be bound to any judgment by the Court or any settlement of this action." (*See, e.g.*, D.E. 65-2 ¶ 2.) They also designated Gunn as their "agent[] to make decisions on [their] behalf concerning the litigation, including the method and manner of conducting this litigation, when and under what terms to settle this action upon, . . . and all other matters pertaining to this lawsuit" and specifically authorized her "to sign any Settlement Agreement pertaining to these matters on [their] behalf." (*See, e.g.*, id. ¶ 4.)

The magistrate judge determined that Gunn's accepted offer of judgment was valid as between her and NPC and, accordingly, that her claim was moot. With respect to the opt-in plaintiffs, the magistrate judge opined that their agreements with Gunn that she could represent them in settlement when she was already engaged in negotiations which she and Defendant contemplated would make her whole was against public policy.

The magistrate judge further determined that the opt-in plaintiffs' claims remained justiciable after Gunn's claim became moot. In doing so, the judge relied on the United States Supreme Court's decision in Genesis Healthcare Corp. v. Symczyk, ___ U.S. ___, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013), in which the Court stated that

> We turn, then, to the question whether respondent's action remained justiciable based on the collective-action allegations in her complaint. A straightforward application of well-settled mootness principles compels our answer. *In the absence of any claimant's opting in*, respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action.

3

Symczyk, 133 S. Ct. at 1529 (emphasis added). (D.E. 64 at 6.) In the view of the magistrate judge, the inference to be drawn from the Supreme Court's determination is that where opt-ins *are* present, as in the instant case, the suit is not mooted as to those individuals when the named plaintiff's individual claim becomes moot.

Gunn has not objected to the magistrate judge's recommendation that her claim in this matter is moot. As any objection she may have had to the magistrate judge's finding is therefore waived, *see* Thomas v. Arn, 474 U.S. 140, 140-41, 106 S. Ct. 466, 467-68, 88 L. Ed. 2d 435 (1985), *reh'g denied* (Jan. 27, 1986); Scheib v. Boderk, No. 3:07-cv-446, 2013 WL 6046089, at *4 n.1 (E.D. Tenn. Nov. 14, 2013), the undersigned will not revisit the issue of the status of Gunn's claim. *See* Anger v. Chung, No. 13-12143, 2014 WL 859717, at *2 (E.D. Mich. Mar. 5, 2014) (failure to file objections to report relieves the district court from its duty to independently review the record). The magistrate judge's finding that her claim is now moot is hereby ADOPTED.

NPC's objections to the magistrate judge's report and recommendation focus on the effect of Gunn's acceptance of its offer of judgment on the opt-in plaintiffs . The Defendant insists that its offer, made pursuant to Rule 68 of the Federal Rules of Civil Procedure, applied to Gunn as well as any opt-in plaintiffs. Thus, it contends, the Rule mandates entry of judgment dismissing this case as to the opt-in plaintiffs as well as the named Plaintiff.

Rule 68 provides that

> [a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "The plain purpose of Rule 68 is to encourage settlement and avoid

4

litigation." Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014, 87 L. Ed. 2d 1 (1985). "By encouraging compromise, Rule 68 discourages both protracted litigation and vexatious law suits." Mallory v. Eyrich, 922 F.2d 1273, 1277 (6th Cir. 1991).

In rejecting its argument that the offer applied to Gunn *and* the opt-in plaintiffs, Defendant avers that the magistrate judge ignored the plain language of the offer of judgment, the benefit it bargained for and Gunn's acceptance thereof because, when she accepted it, she bound the opt-in plaintiffs to her settlement. However, the offer unequivocally stated that it was in "[p]ayment to *Skylar Gunn* of a total of $5,000[.]" (D.E. 18-1 at 1 (emphasis added).) There is no evidence whatever that the benefit for which NPC bargained was anything other than settlement with Gunn, and no one else. Indeed, Defendant's assertion is unsupported by any of the evidence presented. As noted above, the Defendant admits it had no knowledge that others had signed consents to join the suit at the time of the offer of judgment or that any opt-in plaintiffs actually existed. Thus, it appears to the Court that the clear intent of the Defendant at the time the offer was made was that the amount offered was to make *Gunn* whole. NPC has offered no explanation as to how the amount that would have made Gunn whole would at the same time have made other co-workers whole as well. Accordingly, the objection fails.

The Defendant next submits that this case is, contrary to the magistrate judge's conclusion, identical to Symczyk in that, here too, there were no opt-in plaintiffs and no motion for certification had been filed. Thus, the argument goes, Symczyk mandates dismissal of this case in its entirety.

In the case before the Supreme Court, the plaintiff sued her employer under the FLSA on behalf of herself and other employees similarly situated. Symczyk, 133 S. Ct. at 1524. After she ignored the defendant's Rule 68 offer, the district court, noting that no others had joined her suit and

that the offer satisfied her claim, found that her action was moot and dismissed it for lack of subject matter jurisdiction. Id. The Third Circuit Court of Appeals reversed on the grounds that, while Symczyk's individual claim was moot, her collective action was not, articulating that "allowing defendants to 'pick off' named plaintiffs before certification with calculated Rule 68 offers would frustrate the goals of collective actions." Id. at 1524-25. The appellate court remanded the matter to the district court to allow the plaintiff to seek conditional certification. Id. at 1525. The Supreme Court reversed the court of appeals' decision, holding that, in the case before it, the plaintiff's FLSA collective action became moot when her claim became moot, because she no longer had any personal interest in representing others in the case. Id. at 1529.

The relevant difference between the case at bar and Symczyk is, of course, that opt-in plaintiffs came to light in this case almost immediately after the offer was made, while no opt-in plaintiffs ever appeared in the matter before the Supreme Court. NPC has cited to two cases in support of its position that dismissal is warranted under the circumstances presented herein. The Court finds both distinguishable.

First, Defendant points to the Sixth Circuit's statement in O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567 (6th Cir. 2009) that "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case . . ." O'Brien, 575 F.3d at 574. However, the plaintiffs at issue did not, as Gunn did here, purport to bring a collective action. Id. at 575. Therefore, the O'Brien court was not faced with the question before this Court.

Second, the Defendant refers to Hrivnak v. NCO Portfolio Management, Inc., 719 F.3d 564 (6th Cir. 2013). Hrivnak was brought under the Fair Debt Collection Practices Act and dealt with

6

class certification sought under Fed. R. Civ. P. 23.[1] Hrivnak v. NCO Portfolio Mgmt., Inc., 723 F. Supp. 2d 1020, 1021 (N.D. Ohio 2010), *aff'd* 719 F.3d 564 (6th Cir. 2013). The Sixth Circuit's discussion of the merits of the case provides no aid to NPC here. Hrivnak sued several debt management companies and a law firm in state court seeking class-wide relief. Hrivnak, 719 F.3d at 565. The defendants removed the matter to federal court and, two days later, made a Rule 68 offer of judgment to the named plaintiff. Id. at 566. Hrivnak responded with a motion to strike the offer or, in the alternative, for class certification. Id. On appeal, the defendants claimed their offer of judgment had the effect of mooting both his claims and those of the yet-to-be-certified class. Id. at 567. Thus, there were two premises: that the defendants had offered Hrivnak everything he could possibly win as an individual and that, at that point, the individual and uncertified class claims must be dismissed as moot. Id. However, because the court found defendants had not established the first premise by failing to show that it had offered to satisfy *all* of the plaintiff's claims, it decided it need not reach the second premise, which of course is at issue here. Id. at 567-68. In short, the cases cited by the Defendant provide little guidance to the Court in this case.

    Because there *were* opt-ins in this matter, the Court is simply unconvinced that Symczyk requires dismissal as to those plaintiffs. Indeed, courts have permitted FLSA collective actions to proceed where the lead plaintiff's claim was rendered moot by a Rule 68 offer of judgment and where opt-in plaintiffs were present. *See* Cisneros v. Taco Burrito King 4, Inc., No. 13 CV 6968, 2014 WL 1017040, at *4 (N.D. Ill. Mar. 14, 2014) (conditional class certification in FLSA claim cannot preserve a suit from mootness after lead plaintiff loses personal stake in outcome of suit

---

[1] The Court notes here that, in Symczyk, the Supreme Court rejected the plaintiff's reliance on cases involving Rule 23 class certification, describing them as "fundamentally different from collective actions under the FLSA." Symczyk, 133 S. Ct. at 1529.

7

unless individuals opt in); Silva v. Tegrity Pers. Servs, Inc., ___ F. Supp. 2d ___, 2013 WL 6383030, at *9 (S.D. Tex. Dec. 5, 2013) (finding, post-Symczyk, that, where lead plaintiff seeking payment under FLSA for ten hours of overtime is provided a Rule 68 offer of judgment that would have paid for that ten hours of overtime, no motion for conditional certification has been filed, and opt-in plaintiff existed to whom no offer had been made, suit would not be rendered moot); Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 78 (E.D.N.Y. 2008) ("where the offer either fails to satisfy all of plaintiff's damages or where there are additional plaintiffs who have opted in, dismissal is not appropriate"); Yeboah v. Cent. Parking Sys., No. 06 CV 0128(RJD)(JMA), 2007 WL 3232509, at *3-5 (E.D.N.Y. Nov. 1, 2007) (same).

The Defendant also takes issue with the magistrate judge's observation that it did not seek to modify or rescind its offer after learning of the existence of opt-in plaintiffs after the offer was made, arguing that it could not have done so. To the extent NPC is attempting to suggest that it was somehow powerless to make any offer to the opt-in plaintiffs because it could not withdraw or modify the one made to Gunn, the argument is unpersuasive, as nothing prevented it from making similar separate offers of judgment to the opt-in plaintiffs.

Finally, the Defendant submits that the magistrate judge failed to address its arguments in support of judicial estoppel. It is true; he did not. While the reason for the decision not to opine on the application of judicial estoppel to this case is unknown to the undersigned, the Court notes that the issue was raised for the first time in NPC's reply brief. This Circuit has long recognized that assertions not raised in a party's main brief are waived. *See* United States v. Lopez-Medina, 461 F.3d 724, 743 n.4 (6th Cir. 2006); Sims v. Piper, No. 07-14380, 2008 WL 3318746, at *4-5 (E.D. Mich. Aug. 8, 2008). Accordingly, the issue will not be addressed by this Court.

For the reasons articulated herein, the Court OVERRULES the Defendant's objections and ADOPTS the report and recommendation.  The claims of Plaintiff Gunn are moot and the claims of the opt-in plaintiffs remain justiciable.

IT IS SO ORDERED this 24th day of March 2014.

s/ J. DANIEL BREEN  
CHIEF UNITED STATES DISTRICT JUDGE
