IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **SKYLAR GUNN**, *individually and on behalf of others similarly situated,* | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 1:13-cv-01035-STA-egb |
| **NPC INTERNATIONAL, INC.,** | ) ) Judge S. Thomas Anderson ) |
| **Defendant.** | ) Magistrate Judge Edward G. Bryant ) ) |

---

### JOINT MOTION FOR SETTLEMENT APPROVAL
---

Following a judicial settlement conference, mediation with an experienced third-party neutral, and extensive arms-length negotiation over the course of two years, Named Plaintiff, individually and on behalf of the opt-in Plaintiffs who have joined or will join this lawsuit ("Plaintiffs"), and Defendant NPC International, Inc. ("NPC" or "Defendant") (collectively "the Parties") have reached a proposed settlement in the above-captioned case. The Parties respectfully request that the Court approve their proposed settlement of this Fair Labor Standards Act ("FLSA") collective action seeking overtime compensation and minimum wages, approve the parties' jointly-prepared and agreed-to Notice to potential opt-in plaintiffs, and dismiss this case with prejudice.[1] As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' *bona fide* dispute as to liability and damages under the FLSA. Additionally, Plaintiffs also seek an award of attorneys'

---

[1] The parties' proposed Notice is based on and substantially similar to the notice approved in *Melissa Hamilton v. ScanSource, Inc.*, No. 16-244 (N.D. Miss. Feb. 13, 2017) (Exhibit 1).

1

fees and costs, as well a service recognition payment to Named Plaintiffs for their efforts in this lawsuit to date. Defendant does not oppose these requests.

## BACKGROUND

### I. Relevant procedural and factual history

On January 29 and 30, 2013, Named Plaintiffs, individually and on behalf of all other "similarly-situated" individuals, filed five FLSA collective action lawsuits against NPC: this case is one of the five *Gunn*, *Harris*, *Jowers*, *Penley*, and *Redmond* cases. (Compl., D.E. # 1.) Each lawsuit identified one group of allegedly-similarly-situated individuals: all of NPC's cooks, customer service representatives, delivery drivers, shift managers, and servers. After extensive and contentious litigation of different issues in the five cases (including whether a Named Plaintiff's acceptance of an offer of judgment mooted the collective-action aspect of his or her claims, whether NPC could compel arbitration of those Named Plaintiffs and opt-in plaintiffs who had signed an arbitration agreement, and whether NPC could take pre-conditional-certification discovery of Named Plaintiffs and opt-ins) and attending a judicial settlement conference in 2015, the Court conditionally certified a class on December 13, 2016. D.E. # 189. After the parties reviewed the Court's conditional certification order, the parties again engaged in settlement negotiations and mediated with Allen Blair. They ultimately reached an agreement in the weeks after that mediation ended. The parties notified the Court that they had reached an agreement in principle on June 23, 2017. Notice of Settlement, D.E. # 215.

Since they filed their Notice of Settlement, the parties have worked together to craft a settlement agreement covering the cases' following remaining issues: (1) issuance of the parties' agreed-to Notice to potential opt-in plaintiffs; (2) administration, management, and payment of settlement funds from an escrow account, which the parties have decided will be performed by a

neutral settlement claims administrator; and (3) payment of Plaintiffs' attorney's fees, costs, and expenses. As such, counsel for the Parties concur that the settlement is fair and reasonable under the circumstances. Additionally, the Parties have agreed and hereby request permission to submit the settlement agreement for approval *in camera* due to the confidentiality provision contained in the settlement agreement. If the Court approves the settlement agreement, the parties have also submitted an accompanying Agreed Order of Dismissal with Prejudice to the Court's ECF inbox for the Court's convenience.

## ARGUMENT

The Parties have reached a settlement agreement, and notice of the lawsuit will be distributed to potential opt-in plaintiffs. The settlement fairly and reasonably resolves the Parties' claims and defenses, and the Court should enter an order approving the settlement.

**I.     The proposed settlement appropriately resolves the parties' claims and defenses.**

  **A.     Standard for approval of settlement of FLSA collective actions**

Employees can settle and release claims under the FLSA in two ways. First, the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b), an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*

In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable

3

resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13-2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. *Bona fide* disputes exist over liability and damages.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.*; *Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

*Bona fide* disputes exist in this case. Defendant asserted, and continues to assert, that it had reasonable grounds to believe it was in compliance with the FLSA at all times and acted in good faith and not in violation—willful or otherwise—of the FLSA at any time relevant to this

action. The total settlement amount reflects a reasonable compromise of the Plaintiffs' claimed damages. Although the Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, the uncertainty of decertification and dispositive motion practice,[2] and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendant in exchange for release of claims by Plaintiffs in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

      **C.**    **The settlement is fair and reasonable.**

In addition to resolving a *bona fide* dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for at least six reasons. First, the proposed settlement arises out of an action for wages brought by Plaintiffs against their employer. While the amount each Plaintiff ultimately receives will depend on the amount of time he or she worked for NPC as a cook, delivery driver, customer service representative, shift manager, or server during the relevant period, the amount in the Settlement Agreement is reasonable considering that: (1) Plaintiffs would face a substantial evidentiary burden at the decertification stage; (2) NPC's policies comply with the FLSA; (3) Plaintiffs are not highly-compensated, salaried employees; (4) without decertification, Defendant could face other lawsuits related to

---

[2] The parties also have a *bona fide* dispute as to the proper scope of the collective action. At the conditional certification stage, the plaintiff's burden is "fairly lenient" and the plaintiff only has to make a "modest factual showing" that there are similarly-situated employees. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). A much stricter standard applies to decertification motions at the close of discovery. *See id.* Here, in light of this stricter standard, the parties agreed that notice should be sent only to employees in Alabama, Arkansas, Kentucky, Mississippi, and Tennessee.

alleged failure to pay minimum wage and overtime; and (5) these cases expose Defendant to liability and substantial defense costs.

Second, there is no evidence of, nor was there any fraud or collusion that occurred between counsel. *See Schneider v. Goodyear Tire & Rubber Co.*, No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). This settlement was reached as a result of arms-lengths negotiations between the Parties through experienced attorneys, with the help of a judicial settlement conference and a widely-respected mediator. Multiple rounds of negotiations were necessary to reach an agreement, and as this case's heavy motion practice indicates, the parties agreed on little during this litigation before they reached an agreement to resolve the case.

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel both respected in the community and experienced in handling wage and hour collective actions. Plaintiffs' counsel have the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' counsel represents employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Counsel for both Parties have advised their respective clients regarding the settlement, and they have recommended judicial approval: the Court should afford those recommendations some weight. *See Lynn's Food Stores*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the range of possible recovery in this case was uncertain. As noted above, the Parties had very divergent positions on damages components such as whether liquidated (double) damages were appropriate and whether Defendants acted willfully. The Parties submitted substantial briefing to the mediator on all of these issues before mediation, and the mediator counseled both Parties as to their weaknesses and strengths in these areas. Fifth, the proceedings have advanced to a stage sufficient to permit the Parties and their experienced counsel to collect, obtain, and review evidence, evaluate their claims and defenses, understand the scope of potential damages, and engage in negotiations with the mutual understanding that continuing toward additional formal discovery and completing dispositive motion practice (including decertification) would be a difficult, costly, and uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources completing written and deposition discovery, including depositions of the Named Plaintiffs, various opt-in plaintiffs, and Defendants' upper management witnesses. Similarly, if this case had not settled, the Parties would have spent significant time drafting dispositive motions: both Parties would have sought summary judgment. Defendants would have also likely brought a motion for decertification which Plaintiffs would have opposed. After the resolution of these issues, the Parties may have faced the prospect of an expensive, lengthy jury trial as well as likely appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an early, informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, preparation for the Parties' mediation session enabled counsel to assess the respective strengths and weaknesses of their case and reach

the conclusion that settlement is in the Parties' best interest. The settlement eliminates the inherent risks both sides would bear if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

## **CONCLUSION**

This FLSA collective action settlement is a product of an arms-length negotiation between counsel and two mediations, and it resolves a *bona fide* dispute over Plaintiffs' FLSA claims. The settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above and as set forth in the Settlement Agreement. Furthermore, Plaintiffs' Counsel requests that the Court award as reasonable the attorneys' fees and litigation costs in the amount requested in the Settlement Agreement, as well as a service award to the Named Plaintiffs in each of the five cases in the amount stated in the Settlement Agreement. Finally the Parties jointly request that this action be dismissed with prejudice.

Date: August 14, 2017                                         Respectfully submitted,

                                                                   OGLETREE, DEAKINS, NASH,
                                                                    SMOAK & STEWART, P.C.

                                                                 *s/ Thomas L. Henderson*
                                                                 Thomas L. Henderson (TN BPR No. 11526)
                                                                 Audrey M. Calkins (TN BPR No. 30093)
                                                                 6410 Poplar Avenue, Suite 300
                                                                Memphis, TN 38119
                                                                Telephone:  (901) 767-6160
                                                                Facsimile:  (901) 767-7411
                                                                thomas.henderson@ogletreedeakins.com
                                                                audrey.calkins@ogletreedeakins.com

## CERTIFICATE OF CONSULTATION

I certify that counsel for NPC conferred with counsel for Plaintiffs regarding this Motion, and Plaintiffs have indicated that they will join this Motion.

*s/ Thomas L. Henderson*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

> Gordon E. Jackson
> J. Russ Bryant
> Paula Jackson
> JACKSON SHIELDS YEISER & HOLT
> 262 German Oak Drive
> Memphis, TN 38018

*s/ Thomas L. Henderson*